*12-25985* *Mark In Case*

B1 (Official Form 1) (12/11)

| UNITED STATES BANKRUPTCY COURT | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): CRESWELL, GEORGE FRANKLIN | Name of Joint Debtor (Spouse) (Last, First, Middle): NONE |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): NONE | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): 8236 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): 422 TAMARACK DRIVE 60084 WAUCONDA ILLINOIS ZIP CODE 60084 | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: LAKE | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): c/o Shirley Roberts 40 Hillbrook 94028 Portola Valley CA ZIP CODE 94028 | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☒ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* <br> ☐ Corporation (includes LLC and LLP) <br> ☐ Partnership <br> ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business <br> ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) <br> ☐ Railroad <br> ☐ Stockbroker <br> ☐ Commodity Broker <br> ☐ Clearing Bank <br> ☒ Other | ☒ Chapter 7 <br> ☐ Chapter 9 <br> ☐ Chapter 11 <br> ☐ Chapter 12 <br> ☐ Chapter 13 <br> ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding <br> ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity (Check box, if applicable.) | Nature of Debts (Check one box.) |
|---|---|---|
| Country of debtor's center of main interests: <br> Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." <br> ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☐ Full Filing Fee attached. <br> ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. <br> ☒ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:** <br> ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). <br> ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). <br> **Check if:** <br> ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*). <br> - - - - - - - - - - - - - - - - - - - - - - - - - - - - - <br> **Check all applicable boxes:** <br> ☐ A plan is being filed with this petition. <br> ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. <br> ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☒ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☒ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☒ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

KENNETH S. GARDNER, CLERK, U.S. BANKRUPTCY
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUN 28 2012

B1 (Official Form 1) (12/11)                                                                                          Page 2

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): CRESWELL, GEORGE FRANKLIN |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: NONE | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

<table>
<tr>
<td>

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

NOT REQUIRED

☐  Exhibit A is attached and made a part of this petition.

</td>
<td>

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

NOT REQUIRED

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)        (Date)

</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☒  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11)

Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | CRESWELL, GEORGE FRANKLIN |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _George F. Creswell_
Signature of Debtor

X _____
Signature of Joint Debtor
847-487-6549
Telephone Number (if not represented by attorney)
June 1, 2012
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X _____
Signature of Attorney for Debtor(s)

_____
Printed Name of Attorney for Debtor(s)

_____
Firm Name

_____
Address

_____
Telephone Number

_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

_Northern_ District of _Illinois_

In re _CRESWELL, GEORGE FRANKLIN_      Case No._____
          Debtor                                            (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

_Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed._

☐ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. _Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency._

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. _You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed._

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

☒ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

My daughter is in from California today only and since I am not able due to physical disability, to file these papers in the court and she can only do this for me today.

If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.

❏ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor: *George E. Purcell*

Date: June 1, 2012

B6A (Official Form 6A) (12/07)

In re CRESWELL, GEORGE FRANKLIN                    Case No. _____
_____
Debtor                                                      (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | Total▶ | | |

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re CRESWELL, GEORGE FRANKLIN                                    Case No. _____
_____                                      _____
                    Debtor                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | FIFTH THIRD BANK 7233171037 checking 9235048940 savings | | 100 300 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | PERSONAL EFFECTS (no item in excess $400) | | 5500 |
| 5. Books, pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | 500 |
| 6. Wearing apparel. | | CLOTHES | | 500 |
| 7. Furs and jewelry. | | WATCH, RING | | 1000 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re CRESWELL, GEORGE FRANKLIN                    Case No. _____
                    Debtor                                                (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A -- Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re CRESWELL, GEORGE FRANKLIN                    Case No. _____
_____
Debtor                                                        (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2008 Chrysler Van | | 15,700 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | used tools | | 500 |

_____ continuation sheets attached    Total ▶ | $

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B 6C (Official Form 6C) (04/10)

In re CRESWELL, GEORGE FRANKLIN      Case No. _____
_____
Debtor                                                         *(If known)*

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:      ☐ Check if debtor claims a homestead exemption that exceeds
*(Check one box)*                                               $146,450.*
    ☐ 11 U.S.C. § 522(b)(2)
    ☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 2008 Chrysler Van | | 2400 | |
| | | | |
| | | | |
| | | | |
| | | | |

\* *Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

In re CRESWELL, GEORGE FRANKLIN    Case No. _____
        Debtor                                            (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

    List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 8781 3265 <br> FIFTH THIRD BANK | | | 2008 Chrysler Van <br><br> VALUE $ 5,700 | | | | 16,000 | 300 |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |

|  |  |  |
|---|---|---|
| _____ continuation sheets attached | Subtotal ▶ (Total of this page) | $               $ |
| | Total ▶ (Use only on last page) | $               $ |
| | | (Report also on Summary of Schedules.)     (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6D (Official Form 6D) (12/07) – Cont.                                                                                          2

In re CRESWELL, GEORGE FRANKLIN          Case No. _____
           **Debtor**                                                              **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |

Sheet no._____of_____continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s)▶
(Total(s) of this page)

$                    $

Total(s) ▶
(Use only on last page)

$                    $

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/10)

In re CRESWELL, GEORGE FRANKLIN
_____
Debtor

Case No._____
            (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6E (Official Form 6E) (04/10) – Cont.

In re **CRESWELL, GEORGE FRANKLIN**    Case No._____
_____Debtor_____                              *(if known)*

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* *Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

0 continuation sheets attached

B 6F (Official Form 6F) (12/07)

In re CRESWELL, GEORGE FRANKLIN
_____
Debtor

Case No. _____
(if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 52915179378966 <br> CAPITAL ONE <br> P.O. BOX 6492 <br> CAROL STREAM, IL 60197 | | | Consumer Credit Card | | | | ~~5,962~~ <br> 5,962 |
| ACCOUNT NO. 5414132370490203 <br> FIFTH THIRD BANK <br> P.O. BOX 740789 <br> CINCINNATI, OH 45274 | | | Consumer Credit Card | | | | 5,186 |
| ACCOUNT NO. 5467002400942083 <br> FIFTH THIRD BANK <br> P.O. BOX 740789 <br> CINCINNATI, OH 45274 | | | Consumer Credit Card | | | | 4,432 |
| ACCOUNT NO. 4559500360569262 <br> CHASE BANK <br> PO BOX 15153 <br> Wilmington, DE 19886 | | | Consumer Credit Card | | | | ~~8089~~ <br> 7377 |
| | | | | | Subtotal► | | $ |
| 2 continuation sheets attached | | | Total► (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | | $ |

B 6F (Official Form 6F) (12/07) - Cont.

In re CRESWELL, GEORGE FRANKLIN      Case No. _____
_____                         _____
        **Debtor**                                              **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 125 1039612 CARSON PIERE SCOTT HSBC RETAIL SERVICE P.O. BOX 17264 BALTIMORE, MD 21297-1264 | | | | | | | 323 |
| ACCOUNT NO. 6032 2033 8424 6987 WALMART P.O. BOX 530927 ATLANTA, GA 30353 | | | | | | | 648 |
| ACCOUNT NO. 3028907 2092 1024 MOBIL OIL PROCESSING CENTER DES MOINES, IA 50361 | | | | | | | 200 |
| ACCOUNT NO. 373100 50901 ~~REGIONS BANK~~ J.C. PENNEY P.O. BOX 960090 ORLANDO, FL 32896 | | | | | | | ~~50~~ |
| ACCOUNT NO. ~~GOOD SHEPHERD~~ | | | | | | | ~~300~~ |

Sheet no. ___1___ of ___2___ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

(ascbbclshre)                                                    300

B 6F (Official Form 6F) (12/07) - Cont.

In re CRESWELL, GEORGE FRANKLIN
_____
        Debtor

Case No. _____
                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | Ambulence Service | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. _L_ of _2_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  | $ |

Total▶  | $ |
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re CRESWELL, GEORGE FRANKLIN
_____
Debtor

Case No._____
(if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Shirley Roberts Michael Creswell 40 Hillbrook Portola Valley CA 94028 | Month-to-month oral lease for debtor's occupation of 422 Tamarack, Wauconda Illinois single family residence |
| | |
| | |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)

In re CRESWELL, GEORGE FRANKLIN
            **Debtor**

Case No. _____
            **(if known)**

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |
| | |
| | |
| | |
| | |

B6I (Official Form 6I) (12/07)

In re CRESWELL, GEORGE FRANKLIN                          Case No. _____
             Debtor                                                (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: Widower | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: Retired | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Retired | |
| Name of Employer | None | |
| How long employed | Retired | |
| Address of Employer | Retired | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0 | $ |
| 2. | Estimate monthly overtime | $ 0 | $ |
| 3. | SUBTOTAL | $ 0 | $ |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes and social security | $ 0 | $ |
| | b. Insurance | $ 0 | $ |
| | c. Union dues | $ 0 | $ |
| | d. Other (Specify): _____ | $ 0 | $ |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0 | $ |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $ 0 | $ |
| 7. | Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0 | $ |
| 8. | Income from real property | $ 0 | $ |
| 9. | Interest and dividends | $ 1 | $ |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0 | $ |
| 11. | Social security or government assistance (Specify): SOCIAL SECURITY | $ 2598 | $ |
| 12. | Pension or retirement income | $ 0 | $ |
| 13. | Other monthly income (Specify): _____ | $ 0 | $ |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $ 2599 | $ |
| 15. | AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ 2599 | $ |
| 16. | COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 2599 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

None

B6J (Official Form 6J) (12/07)

In re CRESWELL, GEORGE FRANKLIN                     Case No. _____
           Debtor                                              (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1000 |
|   a. Are real estate taxes included?    Yes ☒    No _____ | |
|   b. Is property insurance included?    Yes _____    No ☒ | |
| 2. Utilities:  a. Electricity and heating fuel | $ 315 |
|   b. Water and sewer | $ 60 |
|   c. Telephone | $ 86 |
|   d. Other Cable (93), garbage (20) | $ 113 |
| 3. Home maintenance (repairs and upkeep) | $ 250 |
| 4. Food | $ 450 |
| 5. Clothing | $ 30 |
| 6. Laundry and dry cleaning | $ 30 |
| 7. Medical and dental expenses | $ 80 |
| 8. Transportation (not including car payments) | $ 200 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 100 |
| 10. Charitable contributions | $ 0 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|   a. Homeowner's or renter's | $ 244. |
|   b. Life | $ 0 |
|   c. Health (Plan F Medicare Supplement) | $ 269 |
|   d. Auto | $ 200 |
|   e. Other | $ _____ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | $ _____ |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|   a. Auto | $ 342 |
|   b. Other Credit cards | $ 450 |
|   c. Other | $ _____ |
| 14. Alimony, maintenance, and support paid to others | $ 0 |
| 15. Payments for support of additional dependents not living at your home | $ 0 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0 |
| 17. Other Medicare Premiums (90); Misc (20) | $ 110 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 4329 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME
  a. Average monthly income from Line 15 of Schedule I      $ 2599
  b. Average monthly expenses from Line 18 above      $ 4329
  c. Monthly net income (a. minus b.)      $ 1730

B 7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT

In re: CRESWELL, GEORGE FRANKLIN          Case No. _____
               Debtor                                                (if known)

## STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

      *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

      *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1.   Income from employment or operation of business**

None
☐
     State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | | SOURCE |
|---|---|---|
| 0 | 2012 | N/A |
| 37,962 | 2011 | Weber Grill Restaurant |
| 37,962 | 2010 | Weber Grill Restaurant |

**2.    Income other than from employment or operation of business**

None ☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)



| AMOUNT | SOURCE | |
|---|---|---|
| $ 13,000 | Social Security | 2012 |
| $ 30,000 | " | 2011 |
| $ 30,000 | " | 2010 |

**3.    Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☐

a. *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☒

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

None


c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None


a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None


b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None


List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

4

**6.   Assignments and receiverships**



a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|



b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

---

**7.   Gifts**



List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

**8.   Losses**



List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY  INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

5

**9.  Payments related to debt counseling or bankruptcy**



None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**10.  Other transfers**



None

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|



None

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**



None

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

6

**12. Safe deposit boxes**



None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**



None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**



None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**



None

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

7

**16. Spouses and Former Spouses**


None

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.


None

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|


None

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|


None

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**


None

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

8

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| | | | | |

None
☒  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☐  a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                    DATES SERVICES RENDERED

None
☐  b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

9

None ☐  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

        NAME                                         ADDRESS

None ☐  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

        NAME AND ADDRESS                          DATE ISSUED

---

**20. Inventories**

None ☐  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY |
|---|---|---|
| DATE OF INVENTORY | INVENTORY SUPERVISOR | (Specify cost, market or other basis) |

None ☐  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|  | NAME AND ADDRESSES OF CUSTODIAN |
|---|---|
| DATE OF INVENTORY | OF INVENTORY RECORDS |

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ☐  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

        NAME AND ADDRESS           NATURE OF INTEREST          PERCENTAGE OF INTEREST

None ☐  b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

|  |  | NATURE AND PERCENTAGE |
|---|---|---|
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |

---

10

**22 . Former partners, officers, directors and shareholders**

None ☐

a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐

b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ☐

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None ☐

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

11

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____June 1, 2012_____  Signature of Debtor _____*[signature]*_____

Signature of Joint Debtor (if any)

Date _____  _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____  Signature _____

Print Name and Title _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

____continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer     Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____     _____
Signature of Bankruptcy Petition Preparer     Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT

In re CRESWELL, GEORGE FRANKLIN          Case No. _____
_____
Debtor                                                          Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)*

| | |
|---|---|
| Property No. 1 | |
| **Creditor's Name:** FIFTH THIRD BANK | **Describe Property Securing Debt:** 2008 CHRYSLER VAN |

Property will be *(check one)*:
- ☐ Surrendered          ☒ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☒ Other. Explain  avoid lien to extent of $2400 exemption, ~~(for example, avoid lien~~ resulting in reduced principal amount
using 11 U.S.C. § 522(f)).  and then extending repayment period
and reducing interest rate to make affordable

Property is *(check one)*:
- ☒ Claimed as exempt          ☐ Not claimed as exempt

| | |
|---|---|
| Property No. 2 *(if necessary)* | |
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
- ☐ Surrendered          ☐ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other. Explain _____ (for example, avoid lien
using 11 U.S.C. § 522(f)).

Property is *(check one)*:
- ☐ Claimed as exempt          ☐ Not claimed as exempt

B 8 (Official Form 8) (12/08)

Page 2

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** Shirley Roberts; ~~~~ George M. Cresurth | **Describe Leased Property:** 422 Tamarac Wawinda JL | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): ☒ YES   ☐ NO |

| Property No. 2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ YES   ☐ NO |

| Property No. 3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ YES   ☐ NO |

__0__ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: June1, 2012        _Dwight Cresuell_
                          Signature of Debtor

_____
Signature of Joint Debtor

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re CRESWELL, GEORGE FRANKLIN                    Case No. _____
                    Debtor                                              (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  June 1, 2012                          Signature: _George T. Creswell_
                                                                    Debtor

Date _____          Signature: _____
                                                          (Joint Debtor, if any)

[If joint case, both spouses must sign.]

------------------------------------------------------------------------------

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,                 Social Security No.
of Bankruptcy Petition Preparer                             *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____                    _____
Signature of Bankruptcy Petition Preparer                                  Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                                              Signature: _____

                                                              _____
                                                              [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

<u>DURABLE POWER OF ATTORNEY</u>

<u>FOR MANAGEMENT OF PROPERTY AND PERSONAL AFFAIRS</u>

ARTICLE ONE
APPOINTMENT

I, GEORGE FRANKLIN CRESWELL, a resident of Illinois, hereby revoke any prior Durable Power of Attorney for Asset Management. I hereby appoint SHIRLEY A. ROBERTS and GEORGE MICHAEL CRESWELL to act as my attorneys in fact. If either SHIRLEY A. ROBERTS or GEORGE MICHAEL CRESWELL dies, resigns, is unable to act because of incapacity or is unwilling to act, I appoint the remaining one of them to act as my attorney in fact. If both SHIRLEY A. ROBERTS and GEORGE MICHAEL CRESWELL die, resign, are unable to act because of incapacity or are unwilling to act, I appoint NANCY CRESWELL to act as my attorney in fact. All references herein to my "Agent" refer to the attorney in fact acting hereunder at the pertinent time.

I intend to create a Durable Power of Attorney (herein referred to as "this Power") pursuant to the laws of the State of Illinois. This Power is effective immediately upon its execution and shall not be affected by my subsequent disability or incapacity.

I give my Agent the powers specified in this Power with the understanding that they will be used for my benefit and on my behalf and will be exercised only in a fiduciary capacity.

ARTICLE TWO
NOMINATION OF CONSERVATOR OF MY ESTATE

If proceedings are initiated for the appointment of a conservator of my estate, I hereby nominate SHIRLEY A. ROBERTS and GEORGE MICHAEL CRESWELL to act as co-conservators of my estate. If for any reason either SHIRLEY A. ROBERTS or GEORGE MICHAEL CRESWELL fails to qualify or ceases to act as such conservator, I nominate the remaining one of them to act as such conservator. If both SHIRLEY A. ROBERTS and GEORGE MICHAEL CRESWELL fail to qualify or cease to act as such conservator, I nominate NANCY CRESWELL to act as such conservator. I hereby waive the requirement of a bond if any of the persons named above is appointed as my conservator. If any of the persons named above is appointed conservator of my estate, I request that the court make an order granting to such conservator all or as many of those powers pursuant to the laws of the State of Illinois as the court deems appropriate.

ARTICLE THREE
POWERS

3.1.   Real and Personal Property.   I give my Agent the power to take any actions which my Agent believes are necessary or desirable for the management and maintenance of any real or personal property in which I own an interest when this Power is executed or in which I later acquire an interest, including the power to acquire, sell and convey ownership of property; control the manner in which property is managed, maintained and used; change the form of title in which property is held; satisfy and grant security interests and other encumbrances on property; obtain and make claims on insurance policies covering risks of loss or damage to property; accept or remove tenants; collect proceeds generated by property; ensure that any needed repairs are made to property; exercise rights of participation in real estate syndicates or other real estate ventures; make improvements to property; and perform any other acts pursuant to the laws of the State of Illinois, except those acts that conflict with or are limited by a more specific provision in this Power.

3.2.   Securities.   I give my Agent the power to take any actions which my Agent believes are necessary or desirable with respect to any securities that I own when this Power becomes effective or that are acquired thereafter, including the power to purchase and sell securities; exercise voting rights with respect to securities; collect dividends, interest and any other proceeds generated by securities; transfer title to securities; and perform any other acts pursuant to the laws of the State of Illinois, except those acts that conflict with or are limited by a more specific provision in this Power.   For the purposes of this paragraph, the term "securities" includes stocks, bonds, mutual funds and all other types of securities and financial instruments, except commodity futures contracts and call and put options of any kind.

3.3.   Commodity Futures and Options.   I give my Agent the power to take any actions which my Agent believes are necessary or desirable with respect to any commodity futures contracts and options that I own when this Power becomes effective or that are acquired thereafter, including the power to purchase, sell or exercise commodity futures contracts and options; establish, modify and terminate option accounts with a broker; and perform any other acts pursuant to the laws of the State of Illinois, except those acts that conflict with or are limited by a more specific provision in this Power.   For the purposes of this paragraph, the term "options" means call and put options on stocks and stock indexes traded on a regulated option exchange.

3.4.   Financial Institutions.   I give my Agent the power to take any actions which my Agent believes are necessary or desirable in connection with any financial institution in which I have an account or an interest in an account when this Power is

24127

-2-

executed or in which I later acquire an account or an interest in an account, including the power to continue, modify or terminate existing accounts; open new accounts; draw, endorse and deposit checks, drafts, and other negotiable instruments; prepare, receive and deliver financial statements; establish, maintain or close safe deposit boxes; borrow money; apply for and receive travelers checks and letters of credit; extend payment periods with respect to commercial paper; and perform any other acts pursuant to the laws of the State of Illinois, except those acts that conflict with or are limited by a more specific provision in this Power. For the purposes of this paragraph, the term "financial institution" includes, but is not limited to, banks, trust companies, savings banks, commercial banks, building and loan associations, savings and loan companies or associations, credit unions, industrial loan companies, thrift companies and brokerage firms.

3.5.   <u>Business Operations</u>.   I give my Agent the power to take any actions which my Agent believes are necessary or desirable in connection with any business venture in which I have an interest when this Power is executed or in which I later acquire an interest, including the power to discharge my duties and enforce my rights as a partner in any general or limited partnership to the extent permitted by law and any applicable partnership agreement; enforce my rights as the holder of a bond or similar instrument issued by any business in which I have an interest; discharge my duties and enforce my rights in any sole proprietorship; discharge my duties and enforce my rights as a member of a Limited Liability Company or Limited Liability Partnership in which I have an interest; expand, recapitalize or reorganize any business to the extent my interest in that business allows; collect proceeds generated by any business in which I have an interest and to which I am entitled; sell or liquidate my interest in a business; and perform any other acts pursuant to the laws of the State of Illinois, except those acts that conflict with or are limited by a more specific provision in this Power.

3.6.   <u>Insurance and Annuities</u>.   I give my Agent the power to take any actions which my Agent believes are necessary or desirable with respect to any insurance or annuity contracts in which I have an interest when this Power is executed or in which I later acquire an interest, including the power to acquire additional insurance coverage of any type or additional annuities; continue existing insurance or annuity contracts; agree to modifications in the terms of insurance or annuity contracts in which I have an interest; borrow against insurance or annuity contracts in which I have an interest, but only to the extent allowed under the contract terms; change beneficiaries under existing contracts and name beneficiaries under new contracts; receive dividends, proceeds and other benefits generated by the contracts; transfer interests in insurance or annuity contracts to the extent permitted under the terms of those contracts; and

-3-

24127

perform any other acts pursuant to the laws of the State of Illinois, except those acts that conflict with or are limited by a more specific provision in this Power.

3.7.   Retirement Plans.   I give my Agent the power to take any actions which my Agent believes are necessary or desirable in order to maintain or participate in any retirement plan in which I have an interest when this Power is executed or in which I later acquire an interest, including the power to select the manner in which benefits under the retirement plan are to be paid; designate beneficiaries under the retirement plan, but not including the power to designate my Agent as the beneficiary; make voluntary contributions to the retirement plan; make rollovers from one retirement plan into another; borrow from the retirement plan and sell the assets of the retirement plan, but only to the extent authorized by the retirement plan;  and perform any other acts pursuant to the laws of the State of Illinois, except those acts that conflict with or are limited by a more specific provision in this Power.   The Special Agent appointed in Paragraph 3.17 hereof shall have the power to designate my Agent as a beneficiary of any retirement plan.   For purposes of this Paragraph, the term "retirement plan" includes all pension and profit sharing plans qualified under Code Sections 401, 403 or 408 as well as any plans of deferred compensation which are not so qualified.

3.8.   Estate, Trust and Other Beneficiary Transactions.   I give my Agent the power to take any actions which my Agent believes are necessary or desirable in order to act, but only to the extent an agent is permitted to do so by law and by any controlling instrument, with respect to any estate or trust in which I have an interest when this Power is executed or in which I later acquire an interest, including the power to receive payments to which I am entitled from any estate or trust; participate in all proceedings concerning any estate or trust in which I have an interest; execute disclaimers of any interests I may have in any estate or trust; convey or release any contingent interests I may have in any estate or trust; make any election available to a surviving spouse under the laws of the State of Illinois; and perform any other acts pursuant to the laws of the State of Illinois, except those acts that conflict with or are limited by a more specific provision in this Power.   For the purposes of this paragraph, the term "estate or trust" means all matters that affect a trust, probate estate, guardianship, conservatorship, escrow, custodianship or other fund from which I am, may become or claim to be entitled, as a beneficiary, to a share or payment.

3.9.   Power to Create, Modify, and Revoke Trusts.   I give my Agent the power to take any action which my Agent believes are necessary or desirable with respect to trusts that exist when this Power is executed or that are established thereafter (other than powers that I hold in a fiduciary capacity or solely by virtue of being a beneficiary of any trust), including the power to establish trusts for my benefit or the benefit of one or more of

-4-

24127

my issue and any of my other dependents; contribute or transfer assets to and from any trust in which I have an interest; and exercise any power I may have as an individual (but not as a fiduciary), such as borrowing trust assets, amending or revoking a trust agreement and voting shares of stock, but subject to the limitation that any trust I have created may be modified or revoked by my Agent only if expressly permitted by the trust instrument. This paragraph shall not be construed as limiting the authority of my Agent to exercise any power with respect to trusts that I may hold in a fiduciary capacity or as a trust beneficiary, to the extent that such authority is specifically given elsewhere in this Power.

3.10.   Claims and Litigation.   I give my Agent the power to take any actions which my Agent believes are necessary or desirable with respect to any claim that I may have or that has been asserted against me and with respect to any legal proceeding in which I have an interest when this Power is executed or in which I later acquire an interest, including the power to institute, prosecute, and defend legal proceedings and claims on my behalf; file actions to determine adverse claims, intervene in litigation, and act as amicus curiae in any proceedings affecting my interests; seek preliminary, provisional or intermediate relief on my behalf; apply for the enforcement or satisfaction of judgments that have been rendered in my favor; participate fully in the development of claims and proceedings; submit any dispute in which I have an interest to arbitration; submit and accept settlement offers and participate in settlement negotiations; handle all procedural aspects, such as service of process, filing of appeals, stipulations, verifications, waivers and all other matters in any way affecting the process of any claim or litigation; fully participate in any voluntary or involuntary bankruptcy proceeding involving me or in which I am a claimant; satisfy judgments that have been rendered against me; and perform any other acts pursuant to the laws of the State of Illinois, except those acts that conflict with or are limited by a more specific provision in this Power.

3.11.   Tax Matters.   For any tax year, I give my Agent the power to prepare and file any and all documents and take all actions which my Agent believes are necessary or desirable with respect to my local, state or federal tax liability, including the power to participate in audits; exercise my rights to protest and appeal assessments; pay amounts due to the appropriate taxing authority; execute waivers, consents, closing agreements and similar documents related to my tax liability; participate in all procedural matters connected with my tax liability; exercise any elections that may be available to me under applicable state or federal tax laws or regulations; and perform any other acts pursuant to the laws of the State of Illinois, except those acts that conflict with or are limited by a more specific provision in this Power.

24127

3.12.   <u>Personal and Family Maintenance</u>.   I give my Agent the power to take any actions which my Agent believes are necessary or desirable in order to effectively conduct my personal affairs and to discharge any and all obligations I may owe to myself and to family members and other third persons who are customarily or legally entitled to my support when this Power is executed, or that are undertaken thereafter, including the power to take steps to ensure that our customary standard of living is maintained; arrange for medical and dental care; continue existing charge accounts, open new charge accounts and make payments thereon; provide for transportation; maintain correspondence; prepare, maintain and preserve personal records and documents; maintain membership in any social, religious or professional organization and make contributions thereto; and perform any other acts pursuant to the laws of the State of Illinois, except those acts that conflict with or are limited by a more specific provision in this Power.

3.13.   <u>Pets</u>.   With respect to any animal that I own when this Power is executed or that is acquired thereafter, I give my Agent the power to take any actions which my Agent believes are necessary or desirable in order to effectively maintain the animal, including the power to house, or to arrange for the housing, support and maintenance of the animal, and to pay reasonable boarding, kenneling, and veterinary fees, or if the support and maintenance of the animal becomes unreasonably expensive, to dispose of the animal in a humane fashion, preferably by finding another home for the animal.

3.14.   <u>Funeral and Burial</u>.   Unless I have given the following power to another under a Durable Power of Attorney for Health Care, I give my Agent the power to arrange for my funeral or other memorial service and for burial or cremation of my remains, including the purchase of a burial plot or other place for interment of my remains or ashes.

3.15.   <u>Anatomical Gifts</u>.   Unless I have given the following power to another under a Durable Power of Attorney for Health Care, I give my Agent the power to make a disposition of a part or parts of my body under the Uniform Anatomical Gift Act, or any successor statute.

3.16.   <u>Gifts</u>.   I give my Agent the power to make gifts, grants, or other transfers, without consideration, of cash or other property, either outright or in trust, including the power to forgive indebtedness and consent to gift splitting under Code Section 2513, or successor sections. The power granted under this paragraph shall be exercised, if at all, only in favor of my spouse, if any, and the issue of my grandparents.   The aggregate amount of any gifts made in any one calendar year to any one individual shall not exceed the amount that may be made free of federal gift tax to such person.   The limitations in the preceding sentence shall not apply to any gifts that incur no federal gift

24127

tax, such as, for example, gifts that qualify for the unlimited federal gift tax marital deduction or charitable deduction. Gifts under this paragraph may be made in equal or unequal amounts.

3.17. <u>No Gifts to Attorney in Fact</u>. Notwithstanding any other provision in this Power, my Agent shall not make any gift to himself or herself or to any person to whom my Agent owes an obligation of support. Gifts to my Agent and/or persons who my Agent has a duty to support under Paragraph 3.16 shall be made only upon the action of the Special Agent designated hereafter. I appoint NANCY CRESWELL to act as my Special Agent with the specific authority to make such gifts. All references herein to my Special Agent refer to the Special Agent acting at the pertinent time.

3.18. <u>Authority to Execute Disclaimers</u>. I give my Agent the authority to execute and deliver disclaimers under Code Section 2518 and the laws of the State of Illinois.

3.19. <u>Long-Term Care Planning</u>. I give my Agent the power to express my intent to return home to my residence.

3.20. <u>Authority to Dispose of Personal Effects</u>. If in the judgment of my Agent I will never be able to return to my residence from a hospital, hospice, nursing home or similar facility, I give my Agent the authority to store, transfer to appropriate beneficiaries who would take under my Will or trust agreement, or sell for such price and on such terms as my Agent considers appropriate, any items of tangible personal property remaining in my residence that my Agent believes I will not need again.

3.21. <u>Government Benefits</u>. With respect to any government benefits either existing when this Power is executed or accruing thereafter, whether in this state or elsewhere, I give my Agent the power to take all actions which my Agent believes are necessary or desirable, including the power to execute and deliver vouchers related to government benefits; take possession of and store property as allowed under any government benefit program in which I have an interest; prepare and submit claims for government benefits to which I may be entitled; collect proceeds due to me under any government benefit plan; and perform any other acts pursuant to the laws of the State of Illinois, except those acts that conflict with or are limited by a more specific provision in this Power. For the purposes of this paragraph, the term "government benefits" means benefits from social security, medicare, medicaid, governmental programs or civil or military service.

3.22. <u>Trustee Transactions</u>. I give my Agent the power to take all actions which my Agent believes are necessary or desirable in order to act in my place and stead as trustee with

-7-

24127

respect to any trust over which I am serving as a trustee or co-trustee, but only to the extent an agent is permitted to do so by law or by any controlling instrument.

3.23.  Incidental Powers.  In connection with the exercise of any of the powers described in the preceding paragraphs, I give my Agent full authority to take all actions which my Agent believes are necessary, proper or convenient, to the extent that I could take such actions myself, including the power to prepare, execute and file all documents and maintain records; enter into contracts; hire, discharge and pay reasonable compensation to attorneys, accountants, expert witnesses or other assistants; engage in litigation regarding a claim in favor of or against me; execute, acknowledge, seal and deliver any instrument; and perform any other acts pursuant to the laws of the State of Illinois, except those acts that conflict with or are limited by a more specific provision in this Power.

ARTICLE FOUR
AMPLIFYING PROVISIONS

4.1.  Reimbursement for Costs and Expenses.  My Agent shall be entitled to reimbursement from my property for expenditures properly made in the execution of the powers conferred by me in this Power.  My Agent shall keep records of any such expenditures and reimbursement.

4.2.  Reasonable Compensation.  My Agent shall be entitled to reasonable compensation for the services rendered in the execution of any of the powers conferred in this Power.  In determining the reasonableness of compensation, all relevant factors shall be taken into consideration, including, but not limited to, the time expended by my Agent, the value of the property over which my Agent exercises control and management, and the complexity of the transactions entered into by my Agent.  My Agent may pay such amount from my assets on a quarterly basis.  My Agent shall keep records that include the amount of time spent in performing the services, a description of the services performed and the amount of compensation paid to himself or herself for each such time period.

4.3.  Limitation on Compensation.  The amount of compensation to which my Agent shall be entitled pursuant to the preceding paragraph shall not exceed one percent per year of the fair market value of the assets subject to this Power, valued on an annual basis.  The foregoing limitation shall not apply to any extraordinary services rendered by my Agent.  The term "extraordinary services" shall refer to such services as would be considered to be extraordinary services rendered by a personal representative in connection with a probate proceeding.

4.4.  Reliance by Third Parties.  To induce third parties to rely upon the provisions of this Power, on behalf of myself and

24127

my heirs, successors and assigns, I hereby waive any privilege that may attach to information requested by my Agent in the exercise of any of the powers described herein. Moreover, on behalf of my heirs, successors, and assigns, I hereby agree to hold harmless any third party who acts in reliance upon this Power for damages or liability incurred as a result of that reliance.

4.5.    Release of Medical Information.    I authorize all providers of health care, including hospitals, to release to my Agent all information and photocopies of any records that my Agent requests. If I am able to confirm this authorization at the time of the request, third parties may seek such confirmation from me, but this authorization is not conditional on my confirmation. All providers of health care shall treat the request of my Agent as that of a legal representative of an incompetent patient and shall honor that request on such a basis. I hereby waive any privilege applicable to such information and records, and to any communication pertaining to me and made in the course of a physician-patient or psychiatrist-patient relationship. I hold the provider of health care harmless for any liability for the release of such information.

4.6.    Ratification.    I ratify and confirm all that my Agent does or causes to be done under the authority granted in this Power. All instruments of any sort entered into in any manner by my Agent shall bind me and my estate, heirs, successors and assigns.

4.7.    Exculpation of My Agent.    My Agent shall not be liable to me or any of my successors in interest for any action taken or not taken in good faith. However, my Agent shall be liable for any willful misconduct or gross negligence.

4.8.    Revocation and Amendment.    I revoke all prior powers of attorney concerning the management of my property and/or personal affairs that I may have previously executed. I retain the right to revoke or amend this document and to substitute other attorneys in fact in place of my Agent. Amendments to and any revocation of this document shall be made in a writing signed by me personally (not by my Agent) and such amendment or revocation shall be attached to the original of this document, if it can be located by me. Any revocation or amendment of this Power shall be recorded in the same county or counties as the original, if the original is recorded.

4.9.    Actions by Co-Agents.    If two or more people or entities are acting as my Agent hereunder, I declare that they may act individually and that any actions taken or documents executed by any one such Co-Agent shall be binding on me and my heirs, successors and assigns, and may be relied upon by third parties.

-9-

24127

ARTICLE FIVE
GENERAL PROVISIONS

5.1.   Signature of Agent.   My Agent shall use the following form when signing on my behalf pursuant to this Power:   "GEORGE FRANKLIN CRESWELL by [fill in name of Agent(s)], his attorney in fact."

5.2.   Photostatic Copies.   Persons dealing with my Agent may rely fully on a photostatic copy of this Power.

5.3.   Severability.   If any of the provisions of this Power are found to be invalid for any reason, such invalidity shall not affect any of the other provisions of this Power and all invalid provisions shall be wholly disregarded.

5.4.   Governing Law.   All questions pertaining to validity, interpretation and administration of this Power shall be determined in accordance with the laws of Illinois.

5.5.   Explanation of Durable Power for Property Management. I understand that this Power is an important legal document. Before executing this document, my lawyer explained to me that: (1) this document provides my Agent with broad powers to dispose of, sell, convey and encumber my real and personal property; (2) the powers granted in this Power will exist for an indefinite period of time unless I limit their duration by the terms of this Power or revoke this Power; (3) the powers granted in this Power will continue to exist notwithstanding my subsequent disability or incapacity and (4) I have the right to revoke or terminate this Power at any time.

I sign my name to this Durable Power of Attorney on _OCTOBER 23_, 2005, at ___BARRINGTON___, Illinois.

_____
GEORGE FRANKLIN CRESWELL

24127

-10-

ACKNOWLEDGMENT

STATE OF ILLINOIS                    )
                                     )   ss
COUNTY OF _Lake_                     )

    I, the undersigned, a Notary Public in and for said County,
in the State of Illinois, DO HEREBY CERTIFY that GEORGE FRANKLIN
CRESWELL, personally known to me to be the person whose name is
subscribed to the within instrument, appeared before me this day
in person, and acknowledged to me that he signed, sealed and
delivered the said instrument as his free and voluntary act, for
the uses and purposes therein set forth.

Given under my hand and notarial seal on _Oct. 25_____, 2005.


_Leedra Kutschke_
Signature of Notary Public


_LEEDRA    KUTSCHKE_
Printed Name of Notary

(Seal)
                        ╔══════════════════════════════╗
                        ║       OFFICIAL SEAL          ║
                        ║     LEEDRA KUTSCHKE          ║
                        ║ NOTARY PUBLIC, STATE OF ILLINOIS ║
                        ║ MY COMMISSION EXPIRES 5-23-2007 ║
                        ╚══════════════════════════════╝

My commission expires on _May 23_, _2007_.

-11-

24127